## No. 76

### BRIDGE v. RING et.

#### No. 20205. Supreme Court

On motion to certify. Dock. Dec. 6, 1926, 4 Abs. 833.

**112. ATTACHMENT & GARNISHMENT**— Where it is alleged by plaintiff that defendants represented to him a document he signed was a lease; and it later proved to be a deed to said defendants, do such facts set forth in plaintiff's affidavit and petition show a debt or demand which arises upon a contract under 11819 GC., and upon which an attachment could be predicated?

William Ring filed suit in the Lucas Common Pleas against Sophia Fournier and Fred Bridge. In his petition it was recited that Marie Ring, his wife, died seized of certain property, consisting of a house and lot and that said Marie Ring had devised this property to him for life, then after his death, to Fournier and Bridge, who are the daughter and son of Marie Ring and step-daughter and step-son of William Ring.

It was further alleged that Fournier and her family moved into the homestead with William Ring and that Bridge and Fournier began negotiations with an Oil Company in reference to leasing said property for a ten year period to said Company; and that during such negotiation frequently talked to Ring in regards thereto. Ring consented to a lease of the property for a cash consideration of $2500.00.

It was claimed by Ring that Bridge and Mrs. Fournier caused a certain document to be drawn representing it to be a lease to said Oil Company and that he signed same relying on the representation of Bridge and Fournier, he receiving $2500 and giving up possession of the property fully believing that said document was a lease, and that thereafter Ring learned that the document was a deed of the property from him to Bridge and Fournier.

Ring sought to recover the difference between the $2500 paid to him and the value of his life estate which was alleged to be reasonably worth $25,000.

Fournier resides in Toledo and summons was duly served upon her. Fred Bridge is a non-resident of Ohio and he has never been served with a summons. Ring caused an attachment

and garnishment to be issued against and levied on the property of Bridge in Toledo on the ground that Bridge was a non-resident. A motion was filed to discharge the attachment and garnishment upon the ground that it was invalid in law, but the court overruled the motion and the order of the lower court was affirmed by the Court of Appeals.

It is contended in the Supreme Court that the facts fail to show that the debt or demand arises upon a contract, judgment or decree as it is claimed is necessary as a ground of attachment under 11819· GC., and that no contract ever existed upon which a debt or demand could arise to serve as a basis for the attachment, and that existence of such intertract must affirmatively appear on the petition or affidavit.

It is further claimed that facts are pleaded which show an action of deception, a tort; and that there can be no contract for there has been no meeting of the minds. It is contended that while assuming that the allegations are true and that· negotiations had been made for execution of a lease, the document Ring intended to sign was a lease; but the paper he signed was a deed. There had been no negotiations to make a deed and Ring had no intention· to sign a deed so that the intention of the parties were never the same and there could be no contract upon which to predicate the attachment and garnishment.

**Attorneys**—Smith, Baker, Effler & Eastman for Bridge; Johnson, Johnson & Farber and Melvin R. Bergman & Milton L. Farber for Ring et.